CITY OF MILWAUKEE, Appellant, vs. MILWAUKEE ELECTRIC
RAILWAY & LIGHT COMPANY, Respondent.

*October 30, 1913—February 24, 1914.*

*Street railways: Franchises: Validity: State only may question:
Right to use streets not yet opened: Commencement of term of
franchise: Acceptance.*

1. In granting a franchise to a street railway company under sec.
   1862, Stats., a city acts as the agent of the state; and only the
   state, by an action of *quo warranto*, can question the validity
   of such franchise.
2. *It seems* that a city may grant to a street railway company a
   franchise to use, "when opened," streets for the opening of
   which proceedings are then pending.
3. Where the resolution granting a franchise to use certain streets
   fixed a certain date for the commencement of the term of such
   franchise, without requiring acceptance thereof, *it seems* that
   such provision governs, although the resolution also provided
   that "the rights hereby conferred shall be subject to all the
   terms and conditions set forth in" a previous franchise ordi-
   nance, which provided that the term thereof should commence
   upon the passage and publication of the ordinance *and ac-
   ceptance thereof.*

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Modi-
fied and affirmed.*

In February, 1906, the common council of the city of *Mil-
waukee,* by resolution, granted to the defendant the right to
use Thirty-eighth and Fortieth streets "when opened" and
Cold Spring avenue (Hillside Lane) "as it now exists or here-
after may be opened" for street railway purposes. Proceed-
ings for the opening of each of said streets were pending at
the time the resolution was adopted, and were afterwards
completed, and the defendant laid its tracks in the streets
when opened, and continued to use the same until this ac-
tion was begun on May 29, 1912, to compel the defendant to
remove the same on the ground that it had no valid franchise

covering the streets in question. The defendant answered on
the merits and also interposed a plea in abatement claiming
the validity of the franchise could be tested only by the state
in an action of *quo warranto.* The trial court took evidence
on the merits, reserving a ruling upon the plea in abatement,
and at the close of the trial found for the defendant on the
merits and also sustained its plea in abatement, and ordered
the complaint dismissed on the merits. From a judgment en-
tered accordingly the plaintiff appealed.

For the appellant there was a brief by *Daniel W. Hoan,*
city attorney, and *Clifton Williams,* special assistant city at-
torney, and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Miller, Mack &
Fairchild,* and oral argument by *E. S. Mack.*

The following opinion was filed December 9, 1913:

VINJE, J. Counsel for plaintiff correctly state that the is-
sue on the merits is whether the defendant had a valid fran-
chise on the streets in question. It is claimed to be invalid
because the city had no right to grant a franchise on a street
not opened, to take effect "when opened," even though pro-
ceedings for the opening of the street were pending when the
franchise was granted. Another ground of invalidity relied
upon is that the defendant did not accept the franchise in
writing. The resolution provided that "the rights hereby
conferred shall be subject to all the terms and conditions set
forth in a certain street railway franchise granted to the
*Milwaukee Electric Railway & Light Company* by the com-
mon council of the city of *Milwaukee* on January 2, 1900."
The franchise of 1900 provided that "all the rights, privileges
and franchises conferred by this ordinance shall be for and
during the term commencing at the passage and publication
of this ordinance *and acceptance thereof,* and ending Decem-
ber 31, 1934." The resolution granting the franchise in ques-
tion reads: "All the rights, privileges and franchises con-

ferred by this resolution shall be for and during the term commencing at the passage and publication hereof and ending December 31, 1934." It is claimed the language of the ordinance of 1900 and not that of the resolution of 1906 governs as to when and how the franchise shall take effect, and that under the ordinance of 1900 there must be a written acceptance.

Such in brief are the issues raised by the merits of the case. They involve the validity of the franchise under which the defendant claims to operate. Such franchise was granted pursuant to the provisions of sec. 1862, Stats. 1911. When lawfully granted, it is a franchise grant from the state and not from the municipality, as the latter acts only as the agent of the state. *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 129 N. W. 925. Only the state, by an action of *quo warranto,* can question the validity of the franchise under which the defendant operates its cars on the streets in question. *Ashland v. Wheeler,* 88 Wis. 607, 617, 60 N. W. 818; *Stedman v. Berlin,* 97 Wis. 505, 73 N. W. 57; *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 189, 116 N. W. 900, and cases cited. The trial court, therefore, properly sustained the plea in abatement.

Mindful of the rule of law announced in the above cited cases, this court extended to the state the privilege of becoming a party plaintiff to the end that, since the case was tried on the merits, it might be finally disposed of on the record made. The state, through the attorney general, for satisfactory reasons, declined to become a party, and the action must therefore be dismissed on the ground that plaintiff has no legal capacity to maintain the same. But we have carefully considered the record before us with the result that we find no merit in plaintiff's case. This statement should not, however, be construed as in any way affecting the rights of the state should it see fit to test the validity of the franchise in question by a proper action.

The judgment of the circuit court is modified by ordering a dismissal of the action on the ground that plaintiff has no legal capacity to maintain the same, instead of a dismissal on the merits, and as so modified is affirmed.

*By the Court.*—Ordered accordingly.

A motion for a rehearing was denied, with $25 costs, on February 24, 1914.